# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSAM E. BABKKIR<br>*Plaintiff*<br><br>v.<br><br>OLGA V. SCHILK and<br>DIEBOLD NIXDORF<br>*Defendants* | CIVIL ACTION NO.:   2:21-cv-348<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

AND NOW comes the Plaintiff, Essam E. Babkkir, by and through his attorneys, Rehmeyer & Allatt, and aver as follows:

## PARTIES

1.      Plaintiff, Essam E. Babbkir, is an adult individual residing at 4570 Walwit Street, Dearborn, Michigan 48126.

2.      Defendant, Olga V. Schilk (hereinafter referred to as "Defendant Schilk"), is an adult individual residing at 935 West First Street, Oil City, Pennsylvania, 16301.

3.      Defendant, Diebold Nixdorf (hereinafter referred to as "Defendant Diebold"), is an American corporation which maintains a principal place of business located at 5995 Mayfair Road, North Canton, Ohio, 44720.

4.      Defendant Diebold is a multinational financial and retail technology company that specializes in the sale, manufacture, installation and service of self-service transaction machines, such as ATMS, point of sale terminals and software related services for global, financial, retail and commercial markets.

5.      At all times relevant to this action, Defendant Schilk was an employee, servant, agent, contractor and/or workmen of Defendant Diebold.

## JURISDICTION

6.      Jurisdiction is founded upon 28 U.S. Code §1332.

7.      At all times relevant to this action, Plaintiff is a resident of the State of Michigan.

8.      At all times relevant to this action, Defendant Schilk is a resident of Pennsylvania.

9.      At all times relevant to this action, Defendant Diebold is a citizen of and maintains a principal place of busines in the State of Ohio.

10.      The amount in controversy herein is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

11.      The instant action occurred in the United States Western District of Pennsylvania and therefore venue properly lies within the United States District Court for the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

12.      Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

13.      At all times relevant to this action, Plaintiff was operating a white 2007 Volvo Globetrotter tractor-trailer.

14.      At all times relevant to this action, Defendant Schilk was operating a white 2018 Ford Focus motor vehicle.

15.      Upon information and belief, the Ford Focus was a fleet vehicle of Defendant Diebold at the time of the February 12, 2020 crash.

16.     Upon information and belief, Defendant Diebold owned and operated the Ford Focus at the time of the February 12, 2020 crash.

17.     At all times relevant to this action, Defendant Schilk was acting as a servant, agent, workman, employee and/or contractor of Defendant Diebold and was in the course and scope of her employment with Defendant Diebold while operating the Ford Focus.

18.     At all times relevant to this action, Defendant Schilk was operating the Ford Focus with the express knowledge and permission of Defendant Diebold.

19.     Shortly before 11:05 p.m. on February 12, 2020, Defendant Schilk was driving west on Interstate 80 in Jefferson County, Washington Township, Pennsylvania just east of the Brookville rest stop.

20.     While driving west on Interstate 80, Defendant Schilk stopped the Ford Focus on the roadway at or near mile marker 88.

21.     Upon information and belief, Defendant Schilk then exited the Ford Focus while still on the roadway and walked to the right-hand side of Interstate 80 to inquire with one of the stopped tractor-trailer operators.

22.     At or about the same time, Plaintiff was driving Volvo tractor-trailer westbound on Interstate 80 just east of the Brookville rest stop at or near mile marker 88.

23.     As Plaintiff traveled down Interstate 80, he observed Defendant Schilk's vehicle stopped and/or appearing not to be moving without it its hazard flashers illuminated.

24.     Plaintiff attempted to avoid striking the Ford Focus through a defensive driving maneuver by breaking and steering, however, Plaintiff was unable to avoid the collision and crashed into the right rear side of the Ford Focus..

25.     Plaintiff's Volvo tractor-trailer then made contact with a tractor-trailer stopped on the right-hand side of Interstate 80 and jackknifed across the roadway.

26.     As a result of the careless, negligent, grossly negligent, wanton and reckless actions and/or inactions of Defendant Schilk, Plaintiff sustained serious physical injuries and damages.

27.     At all times relevant to this action, Plaintiff exercised due care and in no way contributed to the happening of the February 12, 2020 crash.

<u>**COUNT I**</u>
*Plaintiff v. Defendant, Olga Schilk*

28.     Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

29.     At all times relevant to this action, Defendant Schilk was an authorized driver of Defendant Diebold, was acting within the course and scope of her employment with Defendant Diebold and was operating the Ford Focus with the express knowledge and permission of Defendant Diebold.

30.     Plaintiff reasonably relied upon Defendant Schilk to operate the Ford Focus safely so as not injure those on the roadway, which included Plaintiff, on February 12, 2020.

31.     Defendant Schilk was under the highest duty of care to operate the Ford Focus in a safe manner so as not injure those on the roadway, which included Plaintiff, on February 12, 2020.

32.     Defendant Schilk duties of care on February 12, 2020 included complying with the Pennsylvania Motor Vehicle Code and all applicable safety regulations in the operation and control of her vehicle.

33.     Defendant Schilk chose to ignore common sense ordinary care and the Pennsylvania Motor Vehicle Code by operating her vehicle in a careless, negligent and otherwise reckless manner in choosing to stop her vehicle on Interstate 80 when it was unsafe to do so, without legal or factual justification, exiting and/or otherwise leaving her vehicle on Interstate 80, failing to utilize her four-way flashers and otherwise creating a hazard on the roadway.

34.     Interstate 80 is a limited access highway.

35.     The February 12, 2020 crash and all of the injuries and damages sustained by Plaintiff are the direct and proximate result of the negligent, careless, grossly negligent, wanton and reckless manner in which Defendant Schilk operated her vehicle including:

    a.   Choosing to operate her vehicle in an unsafe and unreasonable manner;

    b.   Ignoring common sense ordinary care in stopping her vehicle on a limited access highway with a posted speed limit of 70 miles per hour;

    c.   Ignoring common sense ordinary care by exiting and leaving her vehicle on an interstate highway with a posted speed limit of 70 miles per hour;

    d.   Ignoring common sense ordinary care of traveling at an unsafe speed;

    e.   Operating her vehicle in violation of the minimum safety standards, including the Pennsylvania Motor Vehicle Code;

    f.   Failing to utilize her hazard lights in violation of 75 P.S. §4305;

    g.   Stopping her vehicle on a limited access highway in violation of 75 P.S. §3353;

    h.   Driving her vehicle on a roadway in a manner endangering persons and property and in a reckless manner with disregard to the rights and safety of others in violation of 75 P.S. §3714, Carless Driving, and 75 P.S. §3736 Reckless Driving;

    i.   Failing to exercise due care and caution under all existing circumstances;

    j.   Failing to remain alert; and

      k.  Failing to make necessary and reasonable observations while operating her vehicle.

36.   Defendant Schilk knew and/or should have known and appreciated the serious danger of stopping her vehicle on Interstate 80 at night with a posted speed limit of 70 miles per hour, exiting her vehicle and leaving it on the roadway and failing to utilize her four way flashers thereby creating a dangerous hazard on the roadway, yet in spite of this obvious danger, she proceeded anyways making it highly probable that a crash would ensue.

37.   Defendant Schilk's purposeful and intentional choices as plead in the proceeding paragraphs establishes that she was recklessly indifferent to the safety and security of all those on the roadway, which included Plaintiff, and substantially increased the risk of a motor vehicle crash on February 12, 2020.

38.   Defendant Schilk's actions in bringing about the February 12, 2020 motor vehicle crash were wanton, grossly negligent, outrageous, careless, reckless, negligent and recklessly indifferent to the safety of those on the roadway which included Plaintiff.

39.   75 P.S. §3353 of the Pennsylvania Motor Vehicle Code titled *Prohibitions in Specified Places*, expresses the fundamental policy of the Commonwealth of Pennsylvania that no driver may stop their vehicle on a limited access highway unless authorized by an official traffic-control device.

40.   Defendant Schilk was not authorized to stop her vehicle on Interstate 80 by an official traffic-control device.

41.   At all times relevant to this action, Plaintiff fell within the class of person Title 75 P.S. §3353 was intended to protect.

42.     Defendant Schilk violated 75 P.S. §3353 by stopping her vehicle at or near mile marker 88 on Interstate 80 on February 12, 2020, thereby significantly departing from how a reasonably careful person would act under the circumstances.

43.     Defendant Schilk violated 75 P.S. §3353 by stopping her vehicle at or near mile marker 88 on Interstate 80, a limited access highway, on February 12, 2020 knowing of the danger that existed from doing so and intentionally did so in conscious disregard of the likelihood of harm to others on the roadway, including Plaintiff.

44.     75 P.S. §3353 is intended to prevent motor vehicle crashes and the specific harm that Plaintiff sustained.

45.     Defendant Schilk's violation 75 P.S. §3353 is a direct factual and proximate cause of Plaintiff's injuries.

46.     Defendant Schilk's violation of 75 P.S. §3353 was a substantial factor in bringing about the injuries to Plaintiff in the February 12, 2020 crash.

47.     Defendant Schilk's violation of 75 P.S. §3353 constitutes negligent *per se* and evidences her reckless indifference to the safety of Plaintiff.

48.     Title 75 P.S. §4305 of the Pennsylvania Motor Vehicle Code titled *Vehicular Hazard Signal Lamps*, expresses the fundamental policy of the Commonwealth of Pennsylvania that every driver must utilize their flashing signals when their vehicle is stopped; when their vehicle is not maintaining a speed consistent with the normal flow of traffic; when their vehicle is unable to maintain a speed of at least 25 miles per hour; and when traveling at a speed below the minimum speed limit.

49.     At all times relevant to this action, Plaintiff fell within the class of persons Title 75 P.S. §4305 was intended to protect.

50.   On February 12, 2020, Defendant Schilk's motor vehicle was equipped with four-way hazard lamps.

51.   Immediately prior to and at the time of the February 12, 2020 crash at or near mile marker 88 on Interstate 80, Defendant Schilk was not utilizing her hazard signal lamps.

52.   Immediately prior to and at the time of the February 12, 2020 crash, Defendant Schilk was required to utilize her hazard signal lamps.

53.   Title 75 P.S. §4305 is intended to prevent motor vehicle crashes and the specific harm that Plaintiff sustained.

54.   Defendant Schilk's violation Title 75 P.S. §4305 is a direct factual and proximate cause of Plaintiff's injuries.

55.   Defendant Schilk's violation of Title 75 P.S. §4305 was a substantial factor in bringing about the injuries to Plaintiff in the February 12, 2020 crash.

56.   Defendant Schilk's violation of Title 75 P.S. §4305 constitutes negligent *per se* and evidences her reckless indifference to the safety of Plaintiff.

57.   As a direct and proximate result of Defendant Schilk's negligent, carelessness, wantonness, gross negligence, recklessness and breaches of the duties of care as may further be disclosed through discovery, Plaintiff suffered serious past, present and future injuries and damages, some or all of which may be permanent in nature including:

    a.   Property damage;

    b.   neck injury;

    c.   facial fractures;

    d.   lacerations;

    e.   head injury;

f.   surgical intervention;

g.   pain;

h.   suffering;

i.   inconvenience;

j.   embarrassment;

k.   mental anguish;

l.   loss of mobility;

m.   inability to perform daily living activities;

n.   past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

o.   loss of earnings and/or earning impairment;

p.   impairment of general health;

q.   loss of the pleasures and enjoyment of life; and

r.   loss of feeling of well-being, worry, anxiety, apprehension and frustration.

58.   The February 12, 2020 crash and Plaintiff's resultant injuries and damages were caused by the aforesaid acts and/or failures to act on the part of Defendant Schilk

**WHEREFORE,** Plaintiff, Essam Babbkir, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, Olga V. Schilk and Diebold Nixdorf, in an amount in excess of $75,000.00, together with interest, costs, punitive damages and all other damages available under laws of this Commonwealth.

## COUNT II
*Plaintiff v. Defendant, Diebold Nixdorf*

59.     Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

60.     Defendant Schilk was acting within the course and scope of her employment with Defendant Diebold at the time of the February 12, 2020 crash.

61.     At all times relevant to this action, Defendant Schilk was an authorized driver of Defendant Diebold.

62.     At all times relevant to this action, Defendant Schilk was authorized to operate the Ford Focus by Defendant Diebold and was operating the Ford Focus motor vehicle with the express knowledge and permission of Defendant Diebold on February 12, 2020.

63.     At all times relevant to this action, Defendant Diebold had the authority and obligation to control their agents, employees, contractors and workmen, which included Defendant Schilk, and to direct how their agents, employees, contractors and workmen fulfilled their duties, which included the operation of motor vehicles.

64.     Defendant Schilk was operating the Ford Focus as an employee of Defendant Diebold at the time of the February 12, 2020 crash.

65.     At the time of the February 12, 2020 crash, Defendant Schilk was engaged in activities on behalf of Defendant Diebold and in furtherance of Defendant Diebold's interests.

66.     As Defendant Schilk's employer, Defendant Diebold is responsible for the negligent, careless, gross negligence, reckless and otherwise wanton acts of Defendant Schilk in bringing about the February 12, 2020 crash and the resultant injuries and damages to Plaintiff.

67.     As a direct and proximate result of the negligent, careless, gross negligence, reckless, wantonness and other liability producing conduct of Defendant Schilk as more fully

described in Count I of this Complaint and the vicarious liability of Defendant Diebold, Plaintiff sustained past, present and future injuries and damages, some or all of which may be permanent in nature including:

    a.  Property damage;

    b.  neck injury;

    c.  facial fractures;

    d.  lacerations;

    e.  head injury;

    f.  surgical intervention;

    g.  pain;

    h.  suffering;

    i.  inconvenience;

    j.  embarrassment;

    k.  mental anguish;

    l.  loss of mobility;

    m.  inability to perform daily living activities;

    n.  past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

    o.  loss of earnings and/or earning impairment;

    p.  impairment of general health;

    q.  loss of the pleasures and enjoyment of life; and

    r.  loss of feeling of well-being, worry, anxiety, apprehension and frustration.

68.     Defendant Diebold as Defendant Schilk's employer is liable for the negligence and other liability producing conduct of Defendant Schilk and is liable for all of the injuries and damages sustained by Plaintiff.

**WHEREFORE,** Plaintiff, Essam Babbkir, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, Olga V. Schilk and Diebold Nixdorf, in an amount in excess of $75,000.00, together with interest, costs, punitive damages and all other damages available under laws of this Commonwealth.

<u>**COUNT III**</u>
*Plaintiff v. Defendant, Diebold Nixdorf*

69.     Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

70.     At all times relevant to this action, Defendant Diebold had a duty of care to use reasonable care in choosing careful and competent employees, agents, contractors and workmen, which included Defendant Schilk.

71.     At all times relevant to this action, Defendant Diebold had a duty of care to ensure that its employers, agents, contractors and workmen, which included Defendant Schilk, who it entrusted to operate its motor vehicles on its behalf were competent, skillful, experienced and possessed the requisite safe driving characteristics.

72.     Upon information and belief, Defendant Schilk did not possess the competence, knowledge, skill, experience and/or safe driving characteristics to safely operate the Ford Focus on behalf of Defendant Diebold on February 12, 2020.

73.     Defendant Diebold knew or should have known that Defendant Schilk failed to possess the competency, knowledge, skill, experience and safe driving characteristics to safely

operate the motor vehicle without creating an unreasonable risk of injury to others, including Plaintiff, on February 12, 2020.

74.     Defendant Diebold is negligent in entrusting Defendant Schilk with the motor vehicle on February 12, 2020 when it knew or should have known through the exercise of reasonable care that Defendant Schilk lacked the necessary competence, skill, judgment and/or prudence for which to operate the Ford Focus motor vehicle.

75.     At all times relevant to this action, Defendant Diebold had a duty of care to ensure that it enacted and enforced appropriate policies and procedures to ensure that its employees, agents, contractors and workmen, which included Defendant Schilk, were safely operating its motor vehicles, were complying the Pennsylvania Motor Vehicle Code and were not exposing others on the roadway, which included Plaintiff, to an unreasonable risk of harm.

76.     Upon information and belief, Defendant Diebold failed to enact and/or enforce appropriate policies and procedures to ensure that its employees, agents, contractor and workmen, which included Defendant Schilk, were safely operating its motor vehicles on the Commonwealth of Pennsylvania roadways.

77.     At all times relevant to this action, Defendant Diebold had an obligation and duty of care to hire, train, retain and supervise its employees, agents, contractors and workmen, which included Defendant Schilk.

78.     Upon information and belief, Defendant Diebold breached its duty of care in negligently hiring, training, retaining and/or supervising Defendant Schilk, which increased the risk of harm to those on the roadway, including Plaintiff, and was the direct and proximate cause of the injuries and damages sustained by Plaintiff on February 12, 2020.

79.     At all times relevant to this action, Plaintiff relied upon Defendant Diebold to prevent incompetent, untrained and/or unsupervised employees, which included Defendant Schilk, from operating their motor vehicles.

80.     Defendant Diebold consciously appreciated the substantial risk of harm to those on the roadway, which included Plaintiff, in permitting an incompetent, untrained and/or unsupervised employee, Defendant Schilk, to operate its motor vehicle on February 12, 2020.

81.     As a direct and proximate result of the negligent, careless, other liability producing conduct of Defendant Diebold as may be disclosed through discovery, Plaintiff sustained past, present and future injuries and damages, some or all of which may be permanent in nature including:

   a.  Property damage;

   b.  neck injury;

   c.  facial fractures;

   d.  lacerations;

   e.  head injury;

   f.  surgical intervention;

   g.  pain;

   h.  suffering;

   i.  inconvenience;

   j.  embarrassment;

   k.  mental anguish;

   l.  loss of mobility;

   m.  inability to perform daily living activities;

n.  past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

o.  loss of earnings and/or earning impairment;

p.  impairment of general health;

q.  loss of the pleasures and enjoyment of life; and

r.  loss of feeling of well-being, worry, anxiety, apprehension and frustration.

**WHEREFORE,** Plaintiff, Essam E. Babbkir, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, Olga V. Schilk and Diebold Nixdorf, in an amount in excess of $75,000.00, together with interest, costs and all other damages available under laws of this Commonwealth.

Respectfully Submitted,

**REHMEYER & ALLATT**

Date: March 15, 2021                By: _____

Andrew R. Rehmeyer, Esquire
*Attorney for Plaintiff,*
*Essam E. Babbkir*
1317 North Atherton Street
State College, PA 16803
Tel: (814)-343-9855
Fax: (855)-828-4577
Email: arehmeyer@arjalaw.com
Attorney No.: 206731